# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | | |
|---|---|---|
| **DEBORAH GADDY,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO.: 2:18-CV-00130-MHT-** |
| | ) | **DAB** |
| **LIFE INSURANCE COMPANY** | ) | |
| **OF NORTH AMERICA,** | ) | |
| **Defendant.** | ) | |
| | ) | |

## REPORT OF PARTIES' PLANNING MEETING

1.      Pursuant to Fed. R. Civ. P. 26(1), Local Rule 26.1, and this Court's Order issued April 18, 2018 (ECF Doc. 11), a meeting was held by Ariel S. Blocker on behalf of Plaintiff Deborah Gaddy ("Plaintiff" or "Gaddy") and Grace R. Murphy on behalf of Defendant Life Insurance Company of North America ("Defendant" or "LINA").

2.      **Pre-Discovery Disclosures**. The Parties will exchange initial disclosures on **May 23, 2018**.

3.      **Electronically Stored Information**. Any electronically stored information generated as part of the claim process will be produced as part of the claim file in paper format or as PDFs on a disc. In the event of inadvertent disclosure of documents containing attorney-client privileged and/or          attorney          work

product information, the parties agree that they shall return such documents to the disclosing party and shall not retain any copies thereof.

4. **General Claims/Defenses**. The general claims and defenses of the parties are as follows:

(a) The Plaintiff was a participant in an employee welfare benefit plan established and maintained by her former employer, Baptist Health in Montgomery ("Baptist Health"), to provide long-term disability ("LTD") benefits to eligible employees. Said plan was funded by a policy of insurance, Group Policy No. LK-961222 (the "Policy") issued by Defendant LINA to The Health Care Authority for Baptist Health, an Affiliate of UAB Health System. Plaintiff filed a claim for disability benefits under the insurance policy. Plaintiff alleges that denial/termination of her claim was wrongful and in violation of state law or, alternatively, of ERISA. Accordingly, Plaintiff seeks the recovery of benefits due under the policy with interest, extra-contractual damages, costs of litigation, and attorneys' fees.

(b) Defendant denies the general allegations of Plaintiff's Complaint and, in response, states that the Plaintiff's claim for LTD benefits was properly adjudicated pursuant to the terms and conditions of the applicable Plan documents. Specifically, Defendant contends that Plaintiff failed to demonstrate ongoing eligibility for LTD benefits under the terms and provisions of the Policy and Plan.

Defendant also states that the claims decision was in accordance with the Plan's provisions, legally correct, not a breach of the insurance contract or bad faith conduct, and neither arbitrary nor capricious.

5.   **Discovery Plan**.

(a)   In the event the Court determines that Plaintiff is entitled to discovery in addition to the evidence in the administrative record at the time the benefit determination(s) was made and the plan documents themselves, discovery will be needed on the following subjects:

(i)   All "facts known" by the Defendant before suit was filed;

(ii)   All factual allegations and claims made by Plaintiff in her Complaint;

(iii)   All damages claimed by Plaintiff in this matter;

(iv)   All defenses raised by Defendant in this matter; and

(v)   Defendant's conflict of interest, if any.

(b)   All discovery commenced in time to be completed by **November 21, 2018.**

(c)   In terms of written discovery, the parties will adhere to the limits set forth in the Federal Rules of Civil Procedure.

(d)   Maximum of **7** depositions by Plaintiff and **7** by Defendant without prior approval of the Court.

(e)     Reports from retained experts under Rule 26(a)(2) due:

(i)     from Plaintiff by **September 21, 2018** (90 days prior to dispositive motion deadline).

(ii)    from Defendant by **October 22, 2018** (60 days prior to dispositive motion deadline).

(f)     Supplementation under Rule 26(e) due no later than **30** days before the close of discovery.

6.    **Other Items**.

(a)     The parties do not request a conference with the Court prior to entry of the Scheduling Order.

(b)     The parties should be allowed until **August 6, 2018** (75 days after Uniform Scheduling Order) to join additional parties and to amend the pleadings, and until **September 6, 2018** to respond to any above-mentioned amendments.

(c)     All potentially dispositive motions shall be filed 180 days prior to the pretrial hearing, or by **December 21, 2018**.

(d)     The parties are receptive to mediation but do not request Court ordered mediation at this time. The usefulness of Alternative Dispute Resolution procedures cannot be evaluated until the parties exchange initial disclosures and engage in written discovery.

(e)     The parties request a final pretrial conference 60 days before trial on **June 20, 2019**.

(f)     Final lists of trial evidence under Rule 26(a)(3) should be due pursuant to the terms of the pretrial order.

(g)     Parties should have **14** days after service of final lists of trial evidence to list objections under Rule 26(a)(3).

(h)     Pursuant to this Court's Order issued April 18, 2018 (ECF Doc. 11), this cause is set for trial during the term of court commencing on **August 12, 2019** before Magistrate Judge David A. Baker in Montgomery, Alabama, and at this time is expected to take approximately **1-2 days**.

This the 9th of May, 2018.

*/s/ Ariel S. Blocker*
Ariel S. Blocker
David P. Martin
Attorneys for Plaintiff Deborah Gaddy
THE MARTIN LAW GROUP, LLC
P.O. Box 20087
Tuscaloosa, AL 35402
Telephone: (205) 343-1771
Fax: (205) 343-1781
ariel@erisacase.com
david@erisacase.com

*/s/ Grace R. Murphy*
William B. Wahlheim, Jr.
Grace Robinson Murphy
Grace J. Posey
Attorneys for Defendant
Life Insurance Company of North America
MAYNARD, COOPER& GALE, P.C.
1901 Sixth Avenue North, Suite 2400
Birmingham, AL 35203-25618
Telephone: (205) 254-1000
Fax: (205) 254-1999
wwahlheim@maynardcooper.com
gmurphy@maynardcooper.com
gposey@maynardcoopr.com